**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 21-1386**

————————

DOMESTIC VIOLENCE SURVIVORS SUPPORT GROUP, INC., d/b/a Domestic
Violence Counseling Center; ELIZABETH CRAWFORD,

Plaintiffs - Appellants,

v.

BILL E. CROUCH, in his official capacity as Secretary of the West Virginia
Department of Health and Human Resources; PATRICIA BAILEY, in her official
capacity as Chairperson of the Family Protection Services Board, an entity of the
West Virginia Department of Health and Human Resources,

Defendants - Appellees,

and

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES;
FAMILY PROTECTION SERVICES BOARD; WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

Defendants.

————————

Appeal from the United States District Court for the Southern District of West Virginia, at
Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:18-cv-00452)

————————

Submitted: February 23, 2022                          Decided: April 7, 2022

————————

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Richard A. Robb, South Charleston, West Virginia, for Appellants. Michael W. Taylor, Samuel M. Bloom, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Domestic Violence Survivors Support Group, Inc., d/b/a the Domestic Violence Counseling Center ("DVCC") and its Executive Director, Elizabeth Crawford (collectively, "Appellants"), filed a 42 U.S.C. § 1983 action against Bill E. Crouch, Secretary of the West Virginia Department of Health and Human Resources ("DHHR"), in his official capacity; Patricia Bailey, Chairperson of the West Virginia Family Protection Services Board ("Board"), in her individual and official capacities; the DHHR; the Board; and the West Virginia Coalition Against Domestic Violence, Inc. ("Coalition"). As relevant here, Count Three alleged that the Board violated Appellants' equal protection rights when it discriminated against them on the basis of race by denying their 2017 pre-application for domestic violence program licensure after deliberately misconstruing W. Va. Code Ann. § 48-26-208 to require licensed programs to have a physical shelter.

In a ruling not disputed in this appeal, the district court dismissed all of Appellants' claims except the portion of Claim Three brought against Crouch and Bailey in their official capacities (collectively, "Appellees"). The district court subsequently granted summary judgment in favor of Appellees on that claim. Appellants now challenge the district court's summary judgment ruling. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo, "viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmovant." *Salley v. Myers*, 971 F.3d 308, 312 (4th Cir. 2020). "[S]ummary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fusaro v. Howard*, 19 F.4th 357, 366 (4th Cir. 2021)

3

(internal quotation marks omitted). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021) (internal quotation marks omitted).

"If the nonmoving party 'has failed to make a sufficient showing on an essential element of his case with respect to which [he] has the burden of proof,' summary judgment is appropriate." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Thus, "[t]he party moving for summary judgment discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). If the movant makes this showing, the nonmoving party "may not rest on the allegations averred in his pleadings" but instead "must demonstrate specific, material facts exist that give rise to a genuine issue." *Wai Man Tom v. Hospitality Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020).

"[T]he existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion." *Id.* "[N]either unsupported speculation, nor evidence that is merely colorable or not significantly probative will suffice[.]" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (cleaned up). Moreover, a nonmovant's showing is insufficient to defeat summary judgment if "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). If a party relies on materials that would not be admissible at trial, "the court may consider . . . the

4

content or substance of [the] otherwise inadmissible materials where . . . the party submitting the evidence shows that it will be possible to put the information into an admissible form." *Humphreys & Partners Architects*, 790 F.3d at 538 (cleaned up). The proponent bears the burden to "explain the admissible form that is anticipated." *Id.* at 538–39 (quoting Fed. R. Civ. P. 56 advisory committee's note).

"To succeed on an equal protection claim, a plaintiff must first demonstrate [(1)] that he has been treated differently from others with whom he is similarly situated and [(2)] that the unequal treatment was the result of intentional or purposeful discrimination." *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017) (internal quotation marks omitted). If the plaintiff makes that showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* (internal quotation marks omitted).

Applying these principles, we have thoroughly reviewed the record and find no reversible error in the district court's conclusion that Plaintiffs failed to identify sufficient evidence to support either threshold element of their equal protection claim. With respect to the first element, Appellees discharged their initial summary judgment burden through an affidavit stating that the Board had consistently required domestic violence programs to have a physical shelter and consistently construed § 48-26-208 to require a physical shelter. The affidavit further stated that the Board had only once granted a license to an applicant lacking such a shelter, roughly 25 years earlier, because that applicant was in the process

5

of renovating a building to be used for that purpose.[1] This earlier licensee plainly was not similarly situated to DVCC. *See, e.g.*, *Doe v. Settle*, 24 F.4th 932, 939 (2022) (defining "similarly situated"). More fundamentally, Plaintiffs did not attempt to identify any similarly situated individual or organization and, in fact, contend on appeal that no similarly situated comparators exist. *See Martin*, 858 F.3d at 252. Insofar as Plaintiffs rely on their prior litigation against DHHR regarding its denial of a separate license to DVCC, this evidence has little bearing on the question of whether the Board treated Appellants differently than similarly situated applicants for domestic violence program licensure. The district court therefore properly concluded that Plaintiffs did not proffer sufficient evidence to support the first required element of their claim.

Although the deficiencies in Plaintiffs' first-element showing is fatal to their case, the district court also properly concluded that Plaintiffs failed to identify sufficient admissible evidence to establish the second required element: that the Board's denial of the 2017 pre-application was the result of intentional or purposeful racial discrimination. Appellees identified a facially neutral ground for denying the pre-application—the "shelter component" requirement of § 48-26-208—and provided evidence of their consistent

---

[1] Although Appellants now contend that the district court erroneously considered this affidavit because it was untimely filed under Fed. R. Civ. P. 26(a)(1), that issue is not properly before us, as Appellants did not raise such a challenge in the district court. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (cleaned up)). Similarly, Appellants did not fairly dispute that the Board's requirement of a physical shelter was endorsed by DHHR counsel at least by 2008—years before the denial of Appellants' four most recent applications. *See id.*

application of that requirement over several decades, which was endorsed by DHHR counsel years before the challenged licensing decision. Moreover, as Appellees argued in their summary judgment motion, and Appellants did not fairly dispute, Appellants' proof of discrimination relied principally on Crawford's deposition testimony, which described various statements made by others that Appellants believed evidenced a continuing pattern of racial discrimination. As the district court observed, however, Appellants failed to discharge their burden to demonstrate how these statements could be presented at trial in admissible form. *See Humphreys & Partners Architects*, 790 F.3d at 538–39. To the extent Appellants now argue that certain statements made directly to Crawford were admissible, this argument, made for the first time on appeal, comes too late. *See Hicks*, 965 F.3d at 310. In any event, we conclude that these particular statements either do not give rise to a reasonable inference of racial discrimination or, because they are several decades removed from, and too speculatively connected to, the challenged decision by the Board, provide no more than a scintilla of evidence that the Board's challenged action in 2017 was the product of intentional or purposeful discrimination. *See Wai Man Tom*, 980 F.3d at 1037; *Bouchat*, 346 F.3d at 522.

Appellants have not demonstrated how Crawford's testimony unrelated to the statements identified by the district court would materially advance her proof as to her claim's second element. And, Appellants' mere identification of other potential witnesses with knowledge of discrimination against Plaintiffs adds little to support Appellants' case, absent some forecast of these witnesses' likely testimony. Thus, Appellants' second-element showing also fell far short of the requirements to survive summary judgment.

7

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*